

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

April 4, 2022

**Via ECF**
The Honorable Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Santos v. Alexanders Hardware Corp., et al.**
    **21-CV-4310 (AMD)(RLM)**

Dear Judge Mann:

Our office represents Rolando Santos ("Plaintiff" or "Santos") in the above-captioned action and submit this motion to request the Court's approval of the settlement agreement ("Settlement Agreement"), between Plaintiff and Defendants Alexanders Hardware Corp. and Alexander Katsnelson. The Settlement Agreement attached hereto as **Exhibit 1** memorializes the terms agreed upon by the parties during their continued negotiations and in-person settlement meeting in September 2021.

As an initial matter, we sincerely apologize to the Court for our delay in submitting this motion and failing to file by the previous deadline. Rather than proffer any excuse, we take full responsibility for the oversight and we are sorry that the Court had to expend unnecessary resources reminding us to file the instant motion.

### I.     Settlement Terms

The parties reached a settlement to resolve all claims asserted in this matter for $20,000.00, including attorneys' fees (which are addressed below).

### II.    The Monetary Terms of the Settlement Agreement are Fair and Reasonable

#### a. Plaintiff's Position

Plaintiff brought the instant action under the Fair Labor Standards Act ("FLSA") and New York Labor Laws alleging, *inter alia*, that he was not paid proper overtime rates of pay when working in excess of 40 hours per workweek and that he was paid at a rate below the applicable New York State minimum wage.

Plaintiff alleged that he was employed as a sales associate at Defendants' hardware store, located at 98-18 34th Avenue, Corona, New York 11368 from in or around November 2017 until in or around June 2021. Plaintiff alleged that he was regularly required to work six days per week and up to 10 hours per day, totaling approximately 60 hours per week. However, Plaintiff further alleged that he was paid $12.00 per hour for all hours worked, including those hours in excess of 40 per week. As such, Plaintiff alleged that he was paid below the minimum wage for his 40 hours and was not paid time-and-a-half the applicable minimum wage for approximately 20 hours per week. In total, Plaintiff alleged approximately $50,000.00 in unpaid wages.

Our office had several calls and an in-person meeting with the Defendants regarding early resolution of this matter. We understood that there were serious factual disputes as to the number of hours worked and the amounts paid to Plaintiff. Defendants also identified fact witnesses who would support their version of the alleged number of hours worked and pay received. Our office also conducted research as to the business itself and Defendants' financial status and ability to pay. After continued negotiations, Plaintiff accepted a settlement of $20,000.00.

Although Plaintiff was confident that he could prevail at trial, Plaintiff's decision to settle this matter considered: i) early resolution thereby avoiding the costs and time associated with litigation and discovery, ii) the factual disputes and potential witness testimony regarding Plaintiff's claims, iii) Defendants' financial status, and iv) the value of a settlement now as opposed to the risks of a trial potentially two years from now.

### b. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted).

The parties have agreed to settle all claims asserted in this matter for $20,000.00. Webelieve that this amount is reasonable considering Plaintiff's claims and the defenses maintained by Defendants in this matter and the fact that the terms of the Settlement Agreement were achieved only after multiple phone calls and an in-person meeting between Plaintiff's counsel and Defendants. Further, the settlement agreement allows both sides peace of mind with a guaranteed outcome and avoids the risks and costs of discovery, litigation and a trial.

### III.    The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016

WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement ("Release") is carefully-tailored to claims under the FLSA and NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiff and Defendants and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including unknown claims and claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiff from openly discussing her experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, Plaintiff's position is that the non-monetary terms of the Settlement Agreement are fair and reasonable and comport with the standards articulated in *Cheeks*.

### IV.    Plaintiff's Recovery and Requested Attorneys' Fees

The parties agreed to settle all claims asserted in this matter for $20,000.00.

Plaintiff will recover $13,022.67 after attorneys' fees and expenses pursuant to the Agreement and in accordance with her retainer agreement with Plaintiff's counsel. Plaintiff's counsel respectfully requests one-third of the net settlement amount (after expenses have been deducted), or $6,511.33, consistent with the fee arrangement regularly approved by this Court.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $466.00, for identifiable expenses, which include the following:

- Eastern District of New York filing fee ($402.00),
- the costs of serving Defendants through their process server, PM Legal, LLC ($64.00)[1]

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $6,977.33.

**Settlement Amount:** $20,000.00
**Attorneys' Expenses:** $466.00
**Net Settlement Amount:** $19,534.00
**Requested Attorneys' Fees:** $6,511.33 ($19,534.00 / 3)
**Total payable to Attorneys:** $6,977.33 $6,511.33 + $466.00)
**Total payable to Plaintiff:** $13,022.67

---

[1] At the time of settlement, Plaintiff had only received one invoice from its process server for $64.00. Additional invoices were later received, totaling an additional $354.00 for additional attempts of service/completion of service. Plaintiff does not seek reimbursement for these additional expenses related to service.

      Plaintiff's counsel and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit.  *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

      This request for attorneys' fees is supported by the work performed by Plaintiff's counsel and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff. As a check on Plaintiff's requested contingency fee, we provide Plaintiff's counsel's contemporaneous time records, lodestar calculation and qualifications attached hereto as **Exhibit 2**.

**Closing**

      In closing, we believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of arms-length negotiations and the terms of the Settlement Agreement comport with Second Circuit case law. As such, we respectfully request that the Court approve the Agreement. We thank the Court for its consideration and remain available to provide any additional information.

      Respectfully submitted,

      /s/
      Roman Avshalumov, Esq.
      James O'Donnell, Esq.
      *Attorneys for Plaintiff*

**CC: via email**
Defendants Alexanders Hardware Corp. and Alexander Katsnelson
alexlockdoc@gmail.com